CRAWFORD et al. v: SPADONE.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

ACTION (§ 60*)—SEVERANCE OF CAUSES OF ACTION—SEPARATE SUBMISSION OF COUNTERCLAIM.

In an action where defendant's answer set up a counterclaim, the court was without authority to sever the causes of action by dismissing the complaint and submitting the counterclaim to the jury, although the order of dismissal purported to be without prejudice to the merits of the plaintiff's cause of action upon another trial.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 699–707; Dec. Dig. § 60.*]

Appeal from City Court of New York, Special Term.

Action by Everett L. Crawford, Henry B. Cannon, and Henry J. Patten, individually and as copartners doing business under the name of Crawford, Patten & Cannon, against Margaret Spadone, with counterclaim by defendant. Motion to vacate an order of dismissal and for a new trial upon the exceptions to the dismissal of the complaint denied, and plaintiffs appeal. Reversed.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Masten & Nichols, of New York City (Knowlton Durham and H. Bartow Farr, both of New York City, of counsel), for appellants.

Charles D. Ridgway, of New York City, for respondent.

PAGE, J. The issues were brought to trial upon the complaint, an answer containing a separate defense, and also a counterclaim and a reply thereto. Upon the trial the justice dismissed the complaint and submitted the counterclaim to the jury. They disagreed. An order was thereupon entered dismissing the complaint "without prejudice to the merits of the plaintiffs' cause of action upon another

trial of the same." A motion was thereupon made for an order vacating and setting aside the direction of the court dismissing the complaint, and for a new trial on the exceptions to the dismissal of the complaint, which motion was denied, and the plaintiffs appeal from both orders.

No judgment has been entered, and none could be, as the issues raised by the counterclaim and reply were not adjudicated. There is no authority for the severance of causes of action under such circumstances and the entry of judgment. Had the defendant waived her counterclaim, judgment could have been entered dismissing the complaint. Then the defendant could have brought her action upon the cause of action set forth herein as a counterclaim. The order from which the appeal is taken is entirely unauthorized, although it purports to be without prejudice to the consideration of the plaintiffs' cause of action upon another trial. The subsequent order, refusing to set aside the order and grant a new trial, complicates the situation.

The orders will therefore be reversed, and a new trial granted, in order that all the issues arising upon the complaint and the counterclaim may again be tried, with costs to appellants to abide the event. All concur.